### KANE REALTY v. ROSEN REALTY.

No. 120348.

Small Claims Court, Dade County.

March 24, 1964.

Kessler & Gars, Miami, for defendant.

SIDNEY L. SEGALL, Judge.

Judgment is rendered for the plaintiff for $50 plus $5.25 costs. The evidence, which is legally sufficient to establish liability, discloses the following material facts —

Plaintiff and defendant are real estate brokers who agreed as co-operating brokers to divide a $600 commission as follows — $200 to defendant and $400 to plaintiff (Deposit Receipt, plaintiff's exhibit #1).

The purchaser forfeited the $600 deposit, half of which the seller was entitled to receive under the terms of the contract of sale (plaintiff's exhibit #1).

Defendant broker mailed half of the $300 by check for $150 to the order of plaintiff (defendant's exhibit #1), the check containing a handwritten legend on the endorsement side — "In full satisfaction of Kane Realty share of forfeited deposit . . . "

On making the deposit in his escrow account plaintiff broker added the following typewritten legend on the endorsement — "Accepted only as partial payment of commission due of forfeited moneys . . . to be placed in the Kane Realty escrow account until $50 balance of commission due plus court costs and attorney's fees are paid by Elbert Rosen Realty."

Two questions are presented —

(1)  Is plaintiff legally estopped, by the deposit of defendant's check in an escrow account, with the legend abovementioned, from asserting a claim for his share of the commission based on the agreement (plaintiff's exhibit #1)?

(2)  Should the forfeited deposit be divided equally between the co-operating brokers, or is the proportionate share governed by the original agreement of two-thirds to plaintiff, and one-third to defendant?

Defendant has advanced two contentions — (1) that where the purchaser defaults and forfeits his deposit under the terms of the contract, the commission agreement between co-operating brokers is not applicable and the broker's share of the deposit should be divided equally between the co-operating brokers; and (2) that the check ($150) containing the legend written thereon by defendant broker and deposit thereof constituted an "accord and satisfaction".

The latter contention is without merit.  Under the evidence herein and the applicable law an accord and satisfaction has not been established.

With respect to the first contention the court finds from the evidence that the original agreement between the co-operating brokers governs the division of the proportionate share between the co-operating brokers (plaintiff and defendant, respectively).

In conclusion, the court holds that the one-half share ($300) received by defendant broker from the forfeited deposit ($600) constituted the earned commission the broker was entitled to receive for *finding the purchaser*, in accordance with the contract (between the seller and the broker).

For the reasons stated plaintiff is entitled to recover.